Ibitsam Taher Abuhamra, as Parent and Natural Guardian of H.K.A., an Infant, Respondent, v Akeel K. Kaid et al., Defendants, and Fawaz K. Kaid, Appellant. [836 NYS2d 471]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 3, 2006 in a personal injury action. The order denied the motion of defendant Fawaz K. Kaid for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Fawaz K. Kaid is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her five-year-old son when the child of one of the defendants spilled hot water on him. Supreme Court erred in denying the motion of Fawaz K. Kaid (defendant), the owner of the property where the incident occurred, for summary judgment dismissing the complaint against him. Defendant established his entitlement to judgment as a matter of law by establishing that the child's act in pouring the hot water onto plaintiff's son was not foreseeable (*see generally Di Ponzio v Riordan*, 89 NY2d 578, 583-586 [1997]), and plaintiff failed to raise an issue of fact. We reject plaintiff's contention that a teapot containing boiling water is a "dangerous instrumentality" under the circumstances of this case. Present— Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.